**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISON**

| | | |
|---|---|---|
| **IN RE:** | ) | **Case Number 26-31525 mbn** |
| | ) | |
| | ) | |
| **Better Bath Better Body LLC** | ) | |
| | ) | **Chapter 11** |
| | ) | **Sub V** |
| **Debtor** | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S DESIGNATION AS A SUBCHAPTER V DEBTOR**

Paul A. Randolph, the Acting United States Trustee for Region 8 (hereinafter referred to as the "UST"), through undersigned counsel, pursuant to Fed. R. Bankr. P. 1020(b), objects to the Debtor's designation as a Subchapter V Debtor. In support thereof, the UST states:

1. Better Bath Better Body LLC ("Debtor") filed its voluntary petition for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the Western District of Kentucky on June 3, 2026 (the "Petition Date").

2. Subchapter V, which became effective on February 19, 2020, is part of the Small Business Reorganization Act (the "SBRA") and provides a special pathway for small business debtors to reorganize their debts. The purpose of the SBRA and of Subchapter V is "to streamline the bankruptcy process by which small business debtors reorganize and rehabilitate their financial affairs." H.R. Rep. No. 116-171,

at 1, 116th Cong. 1st Sess. (2019), reprinted in 2019 U.S.C.C.A.N. 366, 366, 2019 WL 3401849 (July 23, 2019) (comments of Rep. Ben Cline)).

3. The SBRA establishes eligibility requirements to assure that the benefits offered to debtors by the Subchapter V pathway are available only to those debtors for whom they are intended – that is, individuals or entities with a *limited amount of debt*, at least half of which arose from their commercial or business activities. Put another way, Subchapter V is not for – or available to – everyone. It is tailored to the needs of small businesses and small business operators, who seek to address debt that arose from their business activity in a Chapter 11 bankruptcy case.

4. Bankruptcy Code section 103(i) provides that "Subchapter V of chapter 11 of this title applies only in a case under chapter 11 in which a debtor (as defined in section 1182) elects that subchapter V of chapter 11 shall apply." 11 U.S.C. § 103(i); 11 U.S.C. § 1182(1)(A).

5. Subchapter V may only be utilized by a "debtor," as defined by Bankruptcy Code section 1182. The Bankruptcy Code defines a Subchapter V "debtor" as: "…a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more

than $3,424,000[1] (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor . . . . 11 U.S.C. § 1182(1)(A).

6. When a debtor's eligibility to elect to proceed under Subchapter V is challenged, the burden is on the debtor to establish such eligibility. *See In re Port Arthur Steam Energy, L.P.*, 629 B.R. 233, 235 (Bankr. S.D. Tex. 2021); *In re Blue*, 630 B.R. 179, 187 (Bankr. M.D.N.C. 2021); *In re Offer Space, LLC*, 629 B.R. 299, 303 (Bankr. D. Utah 2021); *In re Ikalowych*, 629 B.R. 261, 274 (Bankr. D. Colo. Apr. 2021). This is consistent with the rule that courts apply in connection with eligibility to proceed under other chapters. *See, e.g.*, *In re Voelker,* 123 B.R. 749, 750 (Bankr. E.D. Mich. 1990). Also, I*n re Evergreen Site Hldgs., Inc., 652 B.R. 307, 316 (Bankr. S.D.Ohio 2023)* (putting the burden on the debtor is "consistent with long-standing case law in this district that the debtor has the burden of proof in establishing eligibility to seek relief under various chapters of the Bankruptcy Code.")

7. The UST or a party in interest may object to the Debtor's election to proceed as a "debtor" under Subchapter V. *See* Fed. R. Bankr. P. 1020(b). The applicable deadline to file the objection is no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Bankruptcy Code, or within 30 days

1 adjusted effective April 1, 2025

after any amendment to the statement, whichever is later. *Id.* The within objection is timely filed.

8. The Court must examine "[a] debtor's eligibility for Subchapter V relief . . . based on the information contained in the debtor's schedules on the petition date." *In re Baker*, 625 B.R. 27, 32 (Bankr. S.D. Tex. 2020); *see In re Parking Mgmt, Inc.*, 620 B.R. 544, 550-51 (Bankr. D. Md. 2020) (looking to the debtor's schedules to determine Subchapter V eligibility and noting that the eligibility determination must be made based on events existing as of the petition date, without regard to postpetition events).

9. UST submits that the Debtor is not eligible to proceed under Subchapter V because its aggregate noncontingent liquidated secured and unsecured debts, excluding those owed to an insider, as of Petition Date exceed the $3,424,000 debt limit.

10. Pursuant to the Debtor's Schedules (Official Form 206 Sum) [Doc 1], as of the Petition Date, Debtor lists $3,128,380.13 in total liabilities none of which were scheduled as contingent, unliquidated or disputed.

11. A review of the Debtor's Schedules (Official Form 206D/Schedule D/Schedule F) reveals one "insider and affiliate debt" that being Clegg Properties LLC owed rent in the amount of $18,000. As a result, per the original excluding insider/affiliate debt, Debtor schedules $3,110,380.13 in secured and unsecured debts none of which were scheduled as contingent, unliquidated or disputed as of the Petition

Date.

12. On July 7, 2026, the United States Small Business Administration (SBA) filed a Proof of Claim in the total sum of $1,849,266.48 for money loaned (POC #8). This loan does not appear to have been originally scheduled by the Debtor. The inclusion of the SBA claim added as of the Petition Date, Debtor had: $4,959,646.61 in total liabilities none of which were scheduled as contingent, unliquidated or disputed, excluding debts to insiders.

13. On July 14, 2026, the Debtor amended its schedules, in part, as follows:

    a. Adding the SBA as a Schedule D Creditor in an unstated amount.

    b. Adding ERC Specialists as a Schedule D Creditor in an unstated amount.

    c. Amending Schedule D to classify Kensington Holdings LLC as an "insider'

    d. Amending Schedule F to reclassify the previously disclosed liabilities of Dat Nguyen, Debra Cherney, Keith Fleishmann, Gutherie Family Living Trust, Tim Sciasqua, Tricor Capital and Brian Wheeler (jointly referred to as the "Royalty Claims") as "contingent" claims.

14. Kensington Holdings LLC claim is scheduled in the amount of $580,000.

15. The "Royality Claims" are scheduled in total joint sum of $972,620.

16. Courts define a "noncontingent debt" to be a debt where "all events necessary to give rise to liability take place prior to the filing of the petition." *In re Parking Mgmt., Inc.,* 620 B.R. 544, 552 (Bankr. D. Md. 2020). The issue is not the dispute, but "… whether the process for determining the claim is fixed, certain,

or otherwise determined by a specific standard." *Id.* at 559.

17. 11 U.S.C Section 101(31) defines the term "insider" to include persons or entities enumerated in the definition, such as a director, officer, or other person in control of a corporate debtor….".

18. Upon information and belief:

    a. The Debtor successfully contested Kensington from assuming or exercising control over the Debtor both pre-petition and post.

    b. the Royalty Claimants each paid the Debtor a sum pre-petition and in exchange for the Debtor paying the claimant a "running revenue royalty payment" calculated monthly in an amount equal to a % of the Debtors adjusted gross revenue until an agreed amount is paid to the Debtor month.[2]

    c. Kensington is not an insider of the Debtor as is defined and contemplated under 11 U.S.C Section 101(31).

    d. The Royalty Claims are not contingent debt as all events necessary to give rise to the liability between the Debtor and the claims took prices prior to the filing of the current petition.

19. Allowing the Debtor to proceed forward under subchapter v of Chapter 11 is not appropriate as the Debtor is not eligible to be a debtor under

2 For example, Debra Cherney scheduled liability is $315,77.00. Pursuant to the Royality Agreement produced by the Debtor for the United States Trustee, Ms. Cherney paid the Debtor $100,000 on May 23, 2025. In part, the Debtor promised to pay to Ms. Cherney a "Running Revenue Royalty" payment of 1% of the Adjusted Gross Revenue of the Debtor until the sum of $200,000 is paid to Ms. Cherney.

Subchapter V of the United States Bankruptcy Code,

WHEREFORE, the UST respectfully that the Court determine that the Debtor is not eligible to be a debtor under Subchapter V of the United States Bankruptcy Code, and therefore its case must be converted to a traditional chapter 11 bankruptcy case, converted to chapter 7, or dismissed.

Dated: August 5, 2026

Respectfully submitted,

PAUL A. RANDOLPH
ACTING UNITED STATES TRUSTEE,
REGION 8

*/s/ Timothy E. Ruppel*
TIMOTHY E. RUPPEL
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
601 W. Broadway, Suite 512
Louisville, Kentucky 40202
(502) 582-5030
Tim.ruppel@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that on August 5, 2026, a true and correct copy of the foregoing was served electronically through the court's CM/ECF system at the electronic addresses as set forth in the ECF system (including counsel for Debtor)

*/s/Tim Ruppel*