# EXHIBIT A

## [Proposed] BIDDING PROCEDURES ORDER

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re: | |
| BETTER BATH BETTER BODY LLC | Case No. 26-31525-mbn |
| Debtor | Chapter 11 |

**ORDER (A) ESTABLISHING BIDDING AND SALE PROCEDURES, (B) SCHEDULING AN AUCTION AND SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (C) GRANTING RELATED RELIEF**

Upon consideration of the *Debtor's Expedited Motion for Entry of an Order (A) Establishing Bidding and Sale Procedures,, (B) Scheduling an Auction and Sale Hearing and Approving the Form and Manner of Notice Thereof and (C) Granting Related Relief* (the "***Sale Motion***")[1] seeking, pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Bankruptcy Rules, an order: (a) approving proposed bidding and sale procedures attached as <u>**Annex 1**</u> to this Order (the "***Bidding Procedures***") and related Bid Deadline (as defined below) in connection with the sale or sales (collectively, the "***Sale Transaction***") of substantially all assets of the Debtor (the "***Assets***"); (b) approving the Statement of Interest received from Debra and Marvin Cherney as the "stalking horse" bidder (such Statement of Interest, a "***Stalking Horse Agreement***"), provide a break-up fee (the "***Break-Up Fee***") and an initial overbid in the amount of the Break-Up Fee plus $25,000 (the "***Initial Overbid***" and collectively with the Break-Up Fee, the "***Stalking Horse Protections***") related thereto; (c) approving the date, form and manner of notice of an auction of the Assets (the "***Auction***") and related Sale Hearing, including the form and manner of notices attached

[1] Capitalized terms used but not defined herein have the meanings given to them in the Sale Motion.

to the Sale Motion as Exhibit B (the "***Auction and Hearing Notice***"); and (d) granting certain related relief as described in the Sale Motion; and the Bankruptcy Court having considered the statements of counsel and the evidence presented at the hearing on the Sale Motion;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Bankruptcy Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157 and 1334 and may enter a final order on the Sale Motion consistent with Article III of the United States Constitution. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Debtor has demonstrated a compelling and sound business justification for the Bankruptcy Court to enter this Order and thereby (i) approve of the Bidding Procedures; (ii) set the dates of the Bid Deadline, Auction (if needed) and Sale Hearing; and (iii) establish notice procedures and approve the forms of notice.

C. The Debtor has demonstrated and proven to the satisfaction of this Court that providing the Stalking Horse Protections to a Stalking Horse Bidder represents a prudent exercise of the Debtor's business judgment.

D. The Bidding Procedures are reasonable and appropriate. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Assets. As such, the Bidding Procedures are supported by, and constitute a proper exercise of, the Debtor's business judgment.

E. The Stalking Horse Protections, as approved by this Order, are fair and reasonable and provide a benefit to the Debtor's estate and creditors.

F. The payment of the Break-Up Fee, under this Order and upon the conditions set forth in the Bidding Procedures, is: (i) an actual and necessary cost of preserving the Debtor's estate, within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code; (ii) reasonably tailored to encourage, rather than hamper, bidding for the Assets, and, therefore, a benefit to the Debtor's estate and creditors and all parties in interest herein; and (iii) reasonable and appropriate under the circumstances.

G. The proposed notice of the Auction, the Sale Hearing, and the Bidding Procedures (including, without limitation, the Stalking Horse Protections), as set forth in the Sale Motion and this Order, are appropriate and sufficient and are reasonably calculated to provide all interested parties with timely and proper notice thereof, and no other or further notice shall be required in connection with these matters or the proposed Sale Transaction.

H. Good and sufficient notice of the relief sought in the Sale Motion and granted herein has been given under the circumstances, and no further notice of such matters is required. A reasonable opportunity to object, or to be heard, regarding the relief requested in the Sale Motion and granted herein was afforded to all interested persons and entities.

I. Entry of this Order is in the best interests of the Debtor and its estate, creditors and interest holders and all other parties-in-interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is GRANTED.

2. All objections to the entry of this Order or to the relief provided herein that have not been withdrawn with prejudice, waived, resolved, or settled are hereby denied and overruled on the merits with prejudice.

3. The Bidding Procedures, attached hereto as **Annex 1**, are hereby approved in all respects and will govern all bids and bid proceedings relating to the Assets. Any person or entity seeking to participate as a Qualified Bidder at the Auction shall comply with the Bidding Procedures. The Debtor and its professionals and agents are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures. The failure to specifically include a reference to any particular provision of the Bidding Procedures in this Order will not diminish or impair the effectiveness of such provision.

4. The deadline for submitting a Qualified Bid shall be **September 28, 2026 at 5:00 p.m. (Eastern Time)** (the "***Bid Deadline***"). The Bid Deadline may be modified as set forth in the Bidding Procedures.

5. Any Auction, if necessary, shall take place at **Kaplan Johnson Abate & Bird LLP, 471 W. Main Street, Suite 203, Louisville, Kentucky 40202 at 10:00 a.m. (Eastern Time) on October 1, 2026**, or such other time and place as the Debtor may determine. The Auction may be rescheduled as set forth in the Bidding Procedures.

6. At the request of the Debtor, each bidder participating at the Auction shall be required to confirm in writing that (a) it has not engaged in any conduct of the type described in section 363(n) of the Bankruptcy Code with respect to the bidding process and (b) its bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder.

7. The Bankruptcy Court will conduct the Sale Hearing on **October 13, 2026 at [____:___] [_].m. (Eastern Time)** or as soon thereafter as counsel and interested parties may be heard, at which time the Bankruptcy Court shall consider approval of the Sale Transaction to the Successful Bidder and the entry of the Sale Order. The Debtor in its discretion may adjourn or reschedule the Sale Hearing without notice, including by (a) an announcement of

such adjournment at the Sale Hearing or at an Auction or (b) the filing of a notice of adjournment with the Bankruptcy Court prior to the commencement of the Sale Hearing (which may be included in a hearing agenda letter).

8. Within two (2) business days after entry of this Order, the Debtor shall serve the proposed Auction and Hearing Notice substantially in the form attached to the Sale Motion as Exhibit B by overnight mail to those parties in interest who have executed a confidentiality agreement and been granted access to the Data Room, all creditors listed on the Debtor's Schedules, all parties who have appeared in the case, and the United States Trustee.

9. Debtor is hereby granted the authority to provide a Break-Up Fee in an amount of $6,000.00 included in the Stalking Horse Agreement, to establish an initial overbid in the amount of the Break-Up Fee plus $25,000, and minimum bid increments in the amount of $25,000, in the Debtor's discretion. In the event that a sale is consummated pursuant to a transaction other than with any Stalking Horse Bidder (an **"*Alternate Transaction*"**), then the Debtor shall pay the Break-Up Fee to the Stalking Horse Bidder, if there is one, by wire transfer of immediately available funds from the proceeds of the applicable Alternate Transaction immediately upon the consummation thereof.

10. Any party holding a first priority perfected security interest in the Assets shall have all rights to credit bid all or a portion of their claim as secured by the Assets, at the sale, transfer, conveyance, Auction, or any other disposition of the Assets.

11. In the event any party's credit bid is the highest and best bid for the Assets and is equal to or less than the indebtedness due and owing to said party, such party or any

designated assignee shall be deemed the owner of the applicable Assets upon entry of the Court's Sale Order.

12. In the event any party's credit bid is the highest and best bid for the Assets and is greater than the indebtedness due and owing to said party, then such amount shall be credited towards the bid amount with the remainder due and owing to the Debtor at the closing of the sale of the Assets.

13. In the event a party purchases all or any portion of the Assets at the Auction by credit bid, such party shall pay the Debtor in cash, regardless of the amount of proceeds actually paid, such amount as is necessary to pay the Break-Up Fee (as provided for in the Stalking Horse Agreement), if any, to the Stalking Horse Bidder following the Court's entry of the Sale Order.

14. All objections to approval of the Sale Transaction, including the sale of the Assets free and clear of liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, and the form of the Sale Order must be in writing, state the basis of such objection with specificity, comply with the Bankruptcy Rules, be filed with this Court, and served on all creditors listed on the Debtor's Schedules, all parties who have appeared in the case, and the United States Trustee (collectively, the **"*Objection Notice Parties*"**) on or before seven (7) days prior to the Sale Hearing (the **"*Objection Deadline*"**).

15. Following the designation of a Successful Bid, the Debtor shall file a notice of the Successful Bid, along with copies of the asset purchase agreement associated with the Successful Bid and Sale Order (a **"*Successful Bid Notice*"**). The Successful Bid Notice shall be filed with the Court after designation of a Successful Bid.

16. A party that fails to timely file an objection to a proposed sale by the Objection Deadline shall be (a) forever barred from asserting any objection to entry of the Sale Order or consummation of the applicable Sale Transaction and (b) deemed to have consented to entry of the Sale Order and consummation of the Sale Transaction, including, without limitation, for purposes of section 363(f) of the Bankruptcy Code.

17. The form of the Auction and Hearing Notice attached to the Sale Motion as Exhibit B and the manner of service or publication described herein (a) are hereby approved in all respects and (b) are determined to be appropriate and sufficient for all purposes. The Debtor shall be permitted to make non-substantive revisions to the Auction and Hearing Notice, consistent with the Bidding Procedures and this Order.

18. No other or further notice of the Sale Motion, this Order, the Bidding Procedures, the sale of the Assets, the Auction, the Successful Bidders, or the Sale Hearing shall be required.

19. All parties (whether or not Qualified Bidders) that participate in the bidding process (including any Auction) shall be deemed to have knowingly and voluntarily (a) consented to the entry of a final order by this Court in connection with the Sale Motion or this Order (including any disputes relating to the bidding process, the Auction and/or the Sale Transaction) to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

20. This Order shall be immediately effective and enforceable upon its entry, and nothing in Bankruptcy Rules 6004(h), 6006(d), 7062, or 9014 (to the extent applicable) shall cause a stay hereof.

21. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

**TENDERED BY:**

CHARITY S. BIRD
**Kaplan Johnson Abate & Bird LLP**
471 W. Main Street, Suite 203
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282
Email: cbird@kaplanjohnsonlaw.com
*Counsel for Debtor*