# EXHIBIT C

## [Proposed] SALE ORDER

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re: | |
| BETTER BATH BETTER BODY LLC | Case No. 26-31525-mbn |
| Debtor | Chapter 11 |

**ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND GRANTING RELATED RELIEF**

Upon the *Debtor's Expedited Motion for Entry of an Order (A) Establishing Bidding and Sale Procedures, (B) Scheduling an Auction and Sale Hearing, and Approving the Form and Manner of Notice Thereof, and (C) granting related relief* (the "***Sale Motion***")[1] (Docket No. [___]), of the above-captioned debtor and debtor-in-possession, pursuant to sections 105(a), 363 and 365 of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") for, among other things, (i) approval of the sale or sales (collectively, the "***Sale Transaction***") of substantially all of Debtor's assets (the "***Assets***") free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, contractual commitments or interests of any kind or nature; and (ii) approval of related relief; and the Court having previously entered its *Order (A) Establishing Bidding and Sale Procedures,, (B) Scheduling an Auction and Sale Hearing and Approving the Form and Manner of Notice Thereof and (C) Granting Related Relief* (Docket No. [____]) (the "***Bidding Procedures Order***"); and the

[1] Capitalized terms used, but not defined, herein have the meaning ascribed to them in the Sale Motion.

Bankruptcy Court having conducted a hearing on the Sale Motion on October 13, 2026 (the "***Sale Hearing***") and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Sale Motion; and the Bankruptcy Court having reviewed and considered the Sale Motion, the arguments of counsel, and the evidence adduced, at the hearing to approve the Bidding Procedures (the "***Bidding Procedures Hearing***") and the Sale Hearing; and upon the record of the Bidding Procedures Hearing and the Sale Hearing, and this chapter 11 case and proceeding, and after due deliberation thereon, and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. **Jurisdiction and Venue**. The Bankruptcy Court has jurisdiction over the Sale Motion and the Sale Transaction pursuant to 28 U.S.C. §§ 157 and 1334 and may enter a final order on the Sale Motion consistent with Article III of the United States Constitution. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates**. The statutory predicates for the relief requested in the Sale Motion are sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014.

C. **Notice**. Proper, timely, adequate, and sufficient notice of the Sale Motion, including, without limitation, the Sale Transaction, the Auction, the Sale Hearing and the Bidding Procedures (as defined in the Bidding Procedures Order) have been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007. Such notice was good and sufficient and appropriate under the circumstances. No other or further notice of the Sale Motion, including, without

limitation, the Sale Transaction, the Auction, or the Sale Hearing, is necessary or shall be required.

D. **Opportunity to Object**. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

E. **Business Justification**. The Debtor has demonstrated an adequate business justification supporting its entry into the Sale Transaction and the sale of the Assets. Such action is an appropriate exercise of the Debtor's business judgment and in the best interests of the Debtor, its estate, and its creditors. The reasons underlying the Debtor's sound exercise of its business judgment include, but are not limited to, the fact that (i) the Assets have been marketed and the asset purchase agreement (the "***Buyer's APA***") among the Debtor and [____] (the "***Buyer***") constitutes the highest or otherwise best offer for the Assets; (ii) the continued ownership of the Assets and corresponding costs will continue to deplete the Debtor's assets, so there is a "need for speed" to consummate the Sale Transaction; (iii) the Sale Transaction will present the best opportunity to realize the value of the Assets and avoid a decline and devaluation of the improvements; (iv) the Bidding Procedures utilized were designed to yield the highest or otherwise best bids for the Assets; and (v) the Debtor and the Buyer engaged in good faith, arm's-length negotiations in order to achieve the Sale Transaction contemplated in the Buyer's APA. Entry of this Order and all provisions hereof is a necessary condition precedent to the Buyer consummating the Sale Transaction.

F. **Opportunity to Bid**. The Debtor marketed the Assets and conducted the marketing and sale process as set forth in the Sale Motion and in accordance with the Bidding Procedures included in the Sale Motion. The Auction process included in the Bidding Procedures afforded a full and fair opportunity for any entity to make an offer to purchase the

Assets. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Assets.

G. **Auction**. An Auction was conducted in accordance with the Bidding Procedures and after conclusion of the Auction, the Buyer was declared to have made the highest or otherwise best offer. The Auction was conducted at arm's length, without collusion and in good faith.

H. **Highest or Otherwise Best Offer**. The total consideration provided by the Buyer for the Assets is the highest or otherwise best offer received by the Debtor. The Buyer is the successful bidder for the Assets in accordance with the Bidding Procedures.

I. **Good Faith Purchaser**. The Sale Transaction has been negotiated by the Debtor and the Buyer (and their respective affiliates and representatives) in good faith, at arm's length and without collusion or fraud. The terms and conditions of the Sale Transaction, including the total consideration to be realized by the Debtor pursuant to the Buyer's APA are fair and reasonable, and the Sale Transaction is in the best interest of the Debtor, its creditors, and its estate.

J. The Buyer is a "good faith purchaser" entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code with respect to the sale of the Assets and the Sale Transaction.

K. The Buyer's APA was not controlled by an agreement between potential or actual bidders within the meaning of section 363(n) of the Bankruptcy Code. The Debtor and the Buyer have not engaged in any conduct that would cause or permit the Buyer's APA or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed,

under section 363(n) of the Bankruptcy Code. The Buyer is entitled to all the protections and immunities of section 363(n) of the Bankruptcy Code.

L. Cause has been shown as to why this Order should not be stayed pursuant to Bankruptcy Rules 6004(h) and 6006(d). The Buyer is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

M. **Transfer of Assets and Assumed Liabilities**. The transfer of the Assets and Assumed Liabilities (as such term is defined in the Buyer's APA) in accordance with the terms of this Order is integral to the Buyer's APA and is in the best interests of the Debtor, its estate, and its creditors, and the Debtor has an adequate business justification therefor.

N. **Free and Clear**. The sale of the Assets to the Buyer will be, as of the Closing Date, a legal, valid and effective transfer of such assets, and each such transfer shall, upon the Closing Date, vest the Buyer with all right, title and interest of the Debtor to the Assets free and clear of all Liens and Excluded Liabilities (as such terms are defined in the Buyer's APA), with any such Liens or Excluded Liabilities to attach to the net proceeds to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as were in existence on the Closing Date. The Buyer would not enter into the Sale Transaction if the sale of the Assets were not free and clear of all Liens and Excluded Liabilities, or if the Buyer would, or in the future could, be liable for any such Liens or Excluded Liabilities.

O. **Satisfaction of 363(f) Standards**. The Debtor may sell and assign the Assets free and clear of all liens or other interests in the Assets, because, with respect to any creditor asserting a Lien, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens who did not object or who withdrew their objections to the Sale Transaction are deemed to have consented to the Sale

Motion and the sale of the Assets to the Buyer under section 363(f)(2) of the Bankruptcy Code. Those holders of liens or other interests in the Assets who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their liens or other interests (if any) attach to the net proceeds of the Sale Transaction ultimately attributable to the Assets in which such holders allege a lien or other interest, in the same order of priority, with the same validity, force and effect that such holder had prior to the Sale Transaction, and subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

P. **No Successor Liability**. The Buyer and its affiliates and their respective predecessors, successors, assigns, members, partners, principals, directors, officers, and shareholders (or equivalent) shall have no obligations with respect to any liabilities of the Debtor other than the Assumed Liabilities (as such terms are defined in the Buyer's APA).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. **Relief Granted**. The relief requested in the Sale Motion is granted as set forth herein.

2. **Objections Overruled**. All objections and responses to the Sale Motion, this Order or the relief granted herein that have not been overruled, withdrawn, waived, settled, or otherwise resolved, are hereby overruled and denied on their respective merits with prejudice.

3. **Notice**. Notice of the Sale Motion, including without limitation, the transactions set forth in the Buyer's APA, the Auction, the Sale Hearing, and the Sale Transaction, was fair and reasonable under the circumstances and complied in all respects

with sections 102(1), 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007.

4. **Approval of Buyer's APA**. The Buyer's APA and the Sale Transaction are hereby approved and authorized in all respects, and the Debtor is hereby authorized and empowered to enter into, and to perform their obligations under, the Buyer's APA and to execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the Buyer's APA.

5. **Good Faith Buyer**. The Buyer is a good faith purchaser of the Assets and is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification or vacatur shall not affect the validity and enforceability of any sale or transfer under the Buyer's APA or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal prior to the Closing Date) and, notwithstanding any reversal, modification or vacatur, any sale, transfer or assignment, shall be governed in all respects by the original provisions of this Order or the Buyer's APA, as the case may be.

6. **Section 363(n) of the Bankruptcy Code**. The sale approved by this Order is not subject to avoidance or any recovery or damages pursuant to section 363(n) of the Bankruptcy Code.

7. **Authorization of Performance by the Debtor**. The Debtor is authorized to fully perform under, consummate, and implement the terms of the Buyer's APA together with any and all additional instruments and documents that may be reasonably necessary or

desirable to implement and effectuate the terms of the Buyer's APA, this Order and the Sale Transaction, including, without limitation, deeds, assignments, and other instruments of transfer and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession any or all of the Assets, as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Buyer's APA, without any further corporate action or orders of the Bankruptcy Court.

8. The Debtor is authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units, any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Buyer's APA, any related agreements, and this Order.

9. **Valid Transfer**. Effective as of the Closing, the sale of the Assets by the Debtor to the Buyer shall constitute a legal, valid and effective transfer of the Assets notwithstanding any requirement for approval or consent by any person, and will vest the Buyer with all right, title and interest of the Debtor in and to the Assets, free and clear of all liens and other interests (other than those liens or interests assumed under the Buyer's APA), pursuant to section 363(f) of the Bankruptcy Code.

10. **The Debtor Shall Not Retain Liability for Assumed Liabilities**. Effective on the Closing, (a) the assumption of the Assumed Liabilities (as provided in the Buyer's APA) by the Buyer constitutes a legal, valid, effective, complete and absolute sale, conveyance and transfer from the Seller to the Buyer of any and all Liabilities relating to, in connection with or arising under the Assumed Liabilities and (b) the Debtor shall have no liability to Buyer,

any governmental agency, surety or any other person for any Liabilities with respect to such Assumed Liabilities.

11. Further, it is the Parties' express intention that the Sale Transaction be, and be treated for all purposes, as an absolute sale, conveyance and transfer of all Liabilities relating to, in connection with or arising under the Assumed Liabilities.

12. **Free and Clear**. Except to the extent specifically provided in the Buyer's APA, upon the Closing, the Debtor shall be, and hereby are, authorized, empowered, and directed, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell the Assets to the Buyer. The sale of the Assets to the Buyer vests the Buyer with all right, title and interest of the Debtor to the Assets free and clear of any and all Liens, Excluded Liabilities and other liabilities or interests of any kind or nature whatsoever, whether imposed by agreement, understanding, law, equity or otherwise, with all such Liens to attach only to the net proceeds of the sale with the same priority, validity, force and effect as they now have in or against the Assets. The Sale Motion shall be deemed to provide sufficient notice as to the sale of the Assets free and clear of all Liens and Excluded Liabilities in accordance with the Bankruptcy Code and the Bankruptcy Rules. Following the Closing, no holder of any Lien on the Assets may interfere with the Buyer's use and enjoyment of the Assets based on or related to such Lien or any actions that the Debtor may take in its chapter 11 case.

13. The provisions of this Order authorizing the sale of the Assets free and clear of Liens and the Excluded Liabilities, shall be self-executing, and neither the Debtor nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

14. **<u>Direction to Creditors</u>**. On the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Liens on the Assets, if any, as such Liens may otherwise exist. If any person or entity that has filed financing statements, mortgages, mechanics liens, *lis pendens* or other documents, instruments, notices or agreements evidencing any Lien against or in the Assets shall not have delivered to the Debtor before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, releases or instruments of satisfaction that the person or entity has with respect to the Assets, then with regard to the Assets, (a) the Debtor and/or the Buyer are authorized to execute and file such termination statements, releases, instruments of satisfaction or other documents on behalf of the person or entity with respect to the Assets; and (b) the Debtor and/or Buyer are authorized to file, register or otherwise record a certified copy of this Order which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens against the Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, local, tribal, or foreign government agency, department or office.

15. **<u>Direction to Government Agencies</u>**. Each and every filing agent, filing officer, title agent, recording agency, governmental department, secretary of state, federal, state and local official and any other persons or entities that may be required by operation of law or the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets, is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Buyer's APA

and this Order._All such entities described above in this paragraph are authorized and specifically directed to strike all recorded Liens against the Assets from their records.

16. **Direction to Surrender Possession or Control**. All persons or entities, presently or on or after the Closing Date, in possession or control of some or all of the Assets are directed to surrender possession or control of the Assets to the Buyer on the Closing Date or at such time thereafter as the Buyer may request.

17. **No Successor Liability**. The Buyer and its affiliates and their respective shareholders (or equivalent) are not and shall not be (a) deemed a "successor" in any respect to the Debtor or its estate as a result of the consummation of the Sale Transaction contemplated by the Buyer's APA or any other event occurring in the chapter 11 case under any theory of law or equity, (b) deemed to have, de facto or otherwise, merged or consolidated with or into the Debtor or its estate, (c) deemed to have a common identity with the Debtor, (d) deemed to have a continuity of enterprise with the Debtor, or (e) deemed to be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. The Buyer shall not assume, nor be deemed to assume or in any way be responsible for any liability or obligation of any of the Debtor and/or its estate including, but not limited to, any Excluded Liabilities, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtor or against an insider of the Debtor, or similar liability except as otherwise expressly provided in the Buyer's APA, and the Sale Motion contains sufficient notice of such limitation in accordance with applicable law. Except for the Assumed Liabilities, the transfer of the Assets to the Buyer under the Buyer's APA shall not result in (x) the Buyer and its affiliates and their respective predecessors, successors, assigns, members, partners, officers, directors, principals and shareholders (or equivalent) or the Assets, having any liability or responsibility for any

claim against the Debtor or against an insider of the Debtor (including, without limitation, Excluded Liabilities); (y) the Buyer and its affiliates and their respective predecessors, successors, assigns, members, partners, officers, directors, principals and shareholders (or equivalent) or the Assets, having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Liens or Excluded Liability; or (z) the Buyer and its affiliates and their respective predecessors, successors, assigns, members, partners, officers, directors, principals and shareholders (or equivalent) or the Assets, having any liability or responsibility to the Debtor except as is expressly set forth in the Buyer's APA.

18. **No Bulk Sales; No Brokers**. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale Transaction. No brokers were involved in consummating the Sale Transaction, and no brokers' commissions are due to any person or entity in connection with the Sale Transaction. The Buyer is not, and will not become, obligated to pay any fee or commission or like payment to any broker, finder, or financial advisor as a result of the consummation of the Sale Transaction based upon any arrangement made by, or on behalf of, the Debtor.

19. **Amendments**. Subject to the terms of the Buyer's APA, the Buyer's APA and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor and the Buyer, without further action or order of the Bankruptcy Court; provided, however, that any such waiver, modification, amendment, or supplement does not have a material and adverse effect on the Debtor and its estate. The Debtor and the Buyer are expressly authorized, without further order of the Bankruptcy Court, to execute an amendment to Buyer's APA to provide for the Closing to occur on one or more Closing Dates.

Any material modification, amendment or supplement to the Buyer's APA that has an adverse effect on the Debtor and its estate must be approved by order of the Bankruptcy Court following a Sale Motion on notice to all interested parties.

20. **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the Buyer's APA or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court, the Debtor and the Buyer that the Buyer's APA and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

21. **Binding Order**. This Order and the Buyer's APA shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtor and the Buyer, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in a chapter 7 case if this case is converted from chapter 11, all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets. The Buyer's APA and Sale Transaction shall not be subject to rejection or avoidance under any circumstances. This Order and the Buyer's APA shall inure to the benefit of the Debtor, its estate, its creditors, the Buyer, and its respective successors and assigns.

22. **No Stay of Order**. Notwithstanding Bankruptcy Rules 6004 and 6006, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Time is of the essence in closing the Sale Transaction referenced herein, and the Debtor and the Buyer intend to close the Sale Transaction as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal, pursuing a stay, and obtaining a stay prior to the Closing or risk its appeal being foreclosed as moot.

23. **Lift of Automatic Stay**. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Bankruptcy Court, to allow the Buyer to deliver any notice provided for in the Buyer's APA and allow the Buyer to take any and all actions permitted under the Buyer's APA, including, without limitation, terminating the Buyer's APA, in each case in accordance with the terms and conditions thereof.

24. **Retention of Jurisdiction**. The Bankruptcy Court shall retain exclusive jurisdiction to: (a) interpret, implement and enforce the terms and provisions of this Order and the Buyer's APA, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, in all respects; and (b) to decide any disputes concerning this Order and the Buyer's APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Buyer's APA and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and any Assigned Contracts and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning (i) the transfer of the assets free and clear of all Liens and (ii) the absolute conveyance of the Assumed Liabilities and Assigned Contracts.

25. **Further Assurances**. From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale Transaction, including, such actions as may be necessary to vest, perfect or confirm, or record or otherwise, in the Buyer its right, title and interest in and to the Assets and the Assigned Contracts.

26. **Governing Terms**. To the extent this Order is inconsistent with any prior order or pleading in this chapter 11 case, the terms of this Order shall govern. To the extent there is any inconsistency with between the terms of this Order and the terms of the Buyer's APA (including all ancillary documents executed in connection therewith), the terms of the Buyer's APA and such documents shall govern.

**Tendered By:**

CHARITY S. BIRD
**Kaplan Johnson Abate & Bird LLP**
471 W. Main Street, Suite 203
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282
Email: cbird@kaplanjohnsonlaw.com
*Counsel for Debtor*